UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

BASSHEVA HESS on behalf of herself and
all other similarly situated consumers

       Plaintiff,

  -against-

SCHLEE & STILLMAN, LLC
F/K/A RICHARD J. BOUDREAU & ASSOCIATES LLC

      Defendant.

_____

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Bassheva Hess seeks redress for the illegal practices of Schlee & Stillman, LLC f/k/a Richard J. Boudreau & Associates LLC (herein after referred to as "Schlee & Stillman") in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

### *Parties*

2. Plaintiff is citizen of the State of New York who resides within this District.

3. Plaintiff is consumer as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within Farmington Hills, Minnesota.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

## *Allegations Particular to Bassheva Hess*

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On many occasions within the past year, Schlee & Stillman left messages on Plaintiff Bassheva Hess' voice mail stating: "Hi, good afternoon. This message is for Bassheva Hess. If you are not Bassheva Hess, please hang up now. If you are Bassheva Hess, please continue to listen to this message. **This is Margo Hood with the Law Firm of Richard J. Boudreau & Associates LLC**, a debt collector, please contact me regarding an important matter at 877 404-4490 Ext. 203 between 8:00 AM and 7:00 PM Monday through Thursday and when calling in, please reference file number 3649529. Thank you so much and have a great day." (emphasis added)

12. Said messages communicate to the least sophisticated consumer that the

communications came from a law firm in a practical sense, hence the messages violate 15 U.S.C. § 1692e(3).[1]

13. The same applies to a prerecorded or human voice-mail message, because a voice mail message containing a law-firm audio caption such as: **"This is Margo Hood with the Law Firm of Richard J. Boudreau & Associates LLC"** would imply meaningful attorney involvement, which does not exist absent participation by an attorney in the debt-collection process.

14. The Second Circuit confronted similar facts in *Clomon*. There, the attorney Defendant approved the form of dunning letters sent by a collection agency and also "approved the procedures according to which th[e] letters were sent."988 F.2d at 1317. He did not have any specific involvement with each debtor's account, however, such as reviewing the debtor's file or the particular letter being mailed. Id. The Second Circuit concluded that the challenged letters, despite bearing the Defendant attorney's signature, violated Section 1692e(3) because, although literally "from" an attorney, they "were not `from' [him] in any meaningful sense of that word." Id. at 1320; accord, e.g., Avila, 84 F.3d at 229. The same result is obtained here. While many courts have ruled[2] that under the FDCPA, a debt collector has no right to leave a message and in fact, risks violating either 15 U.S.C. §§ 1692d(6), 1692e(11) or 1692c(b) if it does so.

---

[1] See, e.g. Suquilanda v. Cohen & Slamowitz, LLP  No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011.) ("Absent any disclaimer and without an attorney conducting any meaningful review, using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3)."), Bard v. Law Offices of Harold E. Scherr, P.C., No 19 Docket No. 1:13-cv-01411 (E.D.N.Y. June 6 2014.) (The court found that a prerecorded voicemail (without a disclaimer) that included the words "law office" or "attorney," can imply a level of attorney or firm involvement in the debt collection process. The court stated that it "can find no principle that would justify a distinction between a voicemail message and a letter for purposes of FDCPA liability; in either case, the communication must not misrepresent the extent to which an attorney has become involved in the debt collection process."). The FDCPA prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt." - 15 U.S.C. § 1692e. It enumerates a non-exhaustive list of sixteen debt-collection practices that run afoul of this proscription, including "the false representation or implication that [a] communication is from an attorney." Id. § 1692e(3). The Second circuit has held that a debt-collection letter from a law firm or lawyer violates Section 1692e(3) if an attorney was not "directly and personally involved" with the debtor's account — such as by reviewing the debtor's file — before the letter was sent. Clomon v. Jackson, 988 F.2d 1314, 1320-21 (2d Cir. 1993).

[2] (see e.g. Carman v. CBE Group, Inc., 2011 U.S. Dist. LEXIS 29730 (D. Kan. Mar. 23, 2011)

15. When a debt collection law firm like Schlee & Stillman chooses to leave a voice mail message on the debtors answering machine which uses the words **"Law Firm of Richard J. Boudreau & Associates LLC"** before any direct and personal involvement ("with the debtor's account — such as reviewing the debtor's file) - then - (absent any clear disclosure that no attorney has reviewed the particular account) the messages violate § 1692e(3).[3]

16. In order for a collection agency to be *Foti* compliant, a debt collector must put in each oral or written communication, the debt collector disclaimer. The debt collector cannot assume that the initial communication absolves the debt collector from making future debt collector disclaimers. In order for a Law firm, who is engaged in purely debt collection activity to be *Greco* compliant, if the debt collection law firm uses words that would imply the communication is coming from a Law Firm, then they need to use a NON ATTORNEY disclaimer in every communication and they cannot assume that the initial communication absolves the NON ATTORNEY debt collector from making future NON ATTORNEY disclaimers. When it comes to a LAW FIRM which is engaged in purely debt collection activities the (*GRECO* - NON ATTORNEY) disclaimer is just like the Mini Miranda warning - it must be in every communication.

17. In fact, Schlee & Stillman puts the (NON ATTORNEY) disclaimer in their letter communication because Schlee & Stillman is certain that not putting in the (NON ATTORNEY) disclaimer in a letter communication would imply that the said communication is from an involved attorney. Hence, when Schlee & Stillman is meaningfully involved, (e.g. during litigation) the (NON ATTORNEY) disclaimer is

---

[3] See also e.g. Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009). ("Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up.")

absent from those communications. An oral or written communication from a LAW FIRM absent of the (NON ATTORNEY) disclaimer would lead even a sophisticated consumer to get the impression of meaningful attorney involvement. In general it would be ridiculous to think that the least sophisticated consumer would carry over any disclaimer from one communication to the next (such as a Mini Miranda or *Greco* - hence the case law that these disclaimers must be in **ALL** communications).

18. The Defendant would surely admit that the said messages did not include any such disclaimer; nevertheless, the Defendant did send out letters after these messages were left and in those letters Defendant admitted that in fact at the time the phone messages were left, no attorney had reviewed the file.

19. In particular, the communications at hand in this case would imply that it is from an Attorney in the practical sense since it was the initial communication. No Bona Fide error defense exists because Schlee & Stillman has a standard practice to leave in every message the words LAW OFFICES or Attorneys.[4]

20. Defendant, as a matter of pattern and practice, leaves voice mail messages, or causes voice mail messages to be left on debtor's answering machines, using language substantially similar or materially identical to that utilized by Defendant in the above-cited messages which were left on Plaintiff's answering machine on or many occasions.

21. Defendant leaves thousands of voice mail messages like the ones left for Plaintiff without conducting any meaningful review of the accounts.

22. The human and or prerecorded voice mail messages Defendant leaves, or causes to be

---

[4] See. Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989.) (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.), Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993). (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.), Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. N.Y. 1996). (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.)

left on debtors answering machines, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, *Robo* calling technologies, dialers, and electronic databases.

23. The voicemail communications from Schlee & Stillman that say: **"This is The Law Firm of Richard J. Boudreau & Associates LLC"** are a standardized prescript-ed voice mail.

24. Although Schlee & Stillman may technically be a law firm, it was not acting in the capacity of a law firm with respect to the said voicemails. The inclusion of "Law Office" is therefore materially deceptive and misleading in that it communicates to the least sophisticated consumer that the communications came from a law firm in a practical sense, when they did not.

25. If Defendant desires to take advantage of the additional collection leverage provided by the use of a law firm's name in connection with purely identical and standardized debt-collection related activities, it is free to do so under the law of the Second Circuit; so long as its each and every one of its standardized communications including letters and voice mail messages do not give the least sophisticated consumer the impression that the communications are from an attorney or law firm in the practical sense.[5]

26. The representatives that left the messages are not attorneys and, are not licensed to practice law in the State of New York or any other State.

27. At no time did the representatives indicate in the messages that they were actually non-attorney debt collectors.

---

[5] See e.g. Clomon v Jackson, 988 F2d 1314, 1320 (2d Cir. 1993). See e.g. Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009). ("Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up."), See also Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293 (E.D.N.Y.2005). (The court found that the collector's letter with text on the front and back regarding attorney involvement was confusing to the least sophisticated consumer and violated 15 U.S.C. § 1692e.)

28. The telephone numbers (877) 404-4490 and (866) 890-1644 are answered by persons who are employed by Schlee & Stillman as non-attorney "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

29. Said messages are in violation of 15 U.S.C. §§ 1692e, 1692e(3), and 1692e(10) for failing to qualify that the messages were from a non-attorney, for failing to qualify that no attorney from the firm had reviewed the debt, for implying meaningful attorney involvement, and that the communications came from an attorney in the practical sense.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

30. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty nine (29) as if set forth fully in this cause of action.

31. This cause of action is brought on behalf of Plaintiff and the members of a class.

32. Class C consists of all persons whom Defendant's records reflect resided in the New York State and who received telephone messages from the Defendant's collection representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) which stated that the messages were from "The Law Firm of Richard J. Boudreau & Associates LLC but which failed to qualify that the debt had not been reviewed by an attorney and / or that the telephone messages did not qualify that the persons leaving the messages were non-attorneys at the firm; (b) the messages were left concerning the seeking payment of an alleged debt; and (c) that Plaintiff asserts that the messages contained violations of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10).

33. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(a) Based on the fact that form telephonic messages and form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c) The only individual issue involves the identification of the consumers who received such telephonic messages, (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

34. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of

inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

35. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

36. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

37. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

38. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); And

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
February 17, 2016

    /s/ Adam J. Fishbein
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

    /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)